Alex B. Kaufman, Esq., AZ Bar No. 035313
Nicholas J. Garcia, Esq., (admitted *pro hac vice*)
**Hall Booth Smith, P.C.**
2710 Old Milton Parkway, Suite 200
Alpharetta, Georgia 30009
Telephone: 404-586-6629
Facsimile: 404-954-5020
Email: akaufman@hallboothsmith.com
ngarcia@hallboothsmith.com

*Attorneys for DPG Investments, LLC and DPG Golden Eagle, LLC*

# UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Westley G. Anderson,<br><br>    Debtor. | Case No.: 2:21-bk-04249-EPB |
| DPG Investments, LLC and DPG Golden Eagle, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>Westley G. Anderson,<br><br>    Debtor/Defendant. | Adversary No. 2:21-ap-00213-EPB<br><br>RESPONSE IN OPPOSITION TO NON-PARTY GUY LAMMLE'S MOTION TO SET ASIDE ORDER DIRECTING PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA AND TO APPEAR FOR DEPOSITION |

COME NOW, **Plaintiffs DPG Investments, LLC** and **DPG Golden Eagle, LLC** (collectively, "Plaintiffs") and file this Response in Opposition to Non-Party Guy Lammle's Motion to Set Aside Order Directing Production of Documents Pursuant to Subpoena and to Appear for Deposition to clarify the record before the Court with regards to the underlying discovery dispute caused by Mr. Lammle's failure to respond to the Plaintiffs' Subpoena, dated June 3, 2022 and his failure to appear at the Hearing on October 18, 2022, despite being duly served with the notice of the Hearing by the Plaintiffs, via U.S. Mail and overnight delivery through Fed Ex, at both his Scottsdale, Arizona address and his Lincoln, Nebraska

address, which he received at both addresses on October 14, 2022, and the Court having provided Mr. Lammle with Notice of the Hearing at both his Scottsdale, Arizona address and his Lincoln, Nebraska address.

Mr. Lammle's failure to respond and his failure to appear at the hearing shows a blatant disregard for filings in this case and Orders entered by this Court. Mr. Lammle's blatant disregard of this Court's Order setting the Hearing for October 18, 2022 resulted in the entry of this Court's Order, dated October 19, 2022. Despite such conduct from Mr. Lammle, the Plaintiffs remain willing to negotiate mutually agreeable dates and extensions for Mr. Lammle's in-person deposition and production of documents. Email correspondence not included in Mr. Lammle's exhibits to his Motion show that counsel for the Plaintiffs continued to attempt to confer with Mr. Lammle's counsel the day prior to Mr. Lammle's filing of his Motion regarding dates in early December for both an in-person deposition and mediation based on representations from counsel for the Chapter 7 Trustee that she had availability in early December. Mr. Lammle's counsel responded to such attempt by stating he was filing this Motion.

For the reasons stated herein, Mr. Lammle's motion is due to be denied. The Plaintiffs continue to stand willing to further negotiate mutually agreeable dates in an effort to extend the deadlines imposed by the Order entered by this Court on October 19, 2022. As conveyed to Counsel for Mr. Lammle, the fact remains that this Court entered an order compelling discovery from Mr. Lammle, and therefore, the Plaintiffs are acting in accordance with such order.

**A. Guy Lammle Failed to Timely Object to the Subpoena Prior to the Entry of the Order.**

On June 3, 2022, the Plaintiff filed the subject Subpoena in the above-captioned Adversary Proceeding, and the Plaintiffs served Mr. Lammle with the subject Subpoena on the same date via Fed Ex and U.S. Mail, which Mr. Lammle received at both his Scottsdale, Arizona address and his Lincoln, Nebraska address on June 7, 2022. *See Exhibit A: Fed Ex Confirmation of Deliveries of Subpoena and enclosures, delivered June 7, 2022*.

As acknowledged by counsel for Mr. Lammle, the Ninth Circuit has not interpreted Federal Rule 45(b)(1) in a published opinion, and there is a line of cases within the Ninth Circuit that stand for the proposition that personal service is not required under Federal Rule of Civil Procedure 45. *Wells Fargo Bank NA v. Wyo Tech Investment Group LLC*, 2019 WL 3208114, at *2 (D. Ariz. July 16, 2019); *Century International Arms Incorporated v. XTech Tactical LLC*, 2020 WL 6323891, at *1 (D. Ariz. Jan. 13, 2020).

In the *Wells Fargo Bank NA* case, the District Court articulated four reasons for concluding that it is proper to complete service of a subpoena by certified mail or other forms of service that are reasonably calculated to achieve **actual notice**: (1) "the relevant text of Rule 45(b)(1)—'delivering a copy to the named person'— does not on its face indicate that personal service is required;" (2) "where personal service is required, the Federal Rules of Civil Procedure more clearly indicate that requirement" and there is no such requirement in Rule 45; (3) "interpreting Rule 45(b)(1) to require personal service would render superfluous the provision of Rule 45 indicating that proof of service is accomplished by 'filing ... a statement showing the ... manner of service,'" and " If only one manner of service were

permissible (i.e., personal service), there would be no need to specify it;" and (4) "the conclusion that Rule 45 does not require personal service is consistent with the mandate in Rule 1 that the Federal Rules of Civil Procedure 'be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Wells Fargo Bank NA*, 2019 WL 3208114, at *3. For the same reasons, the Plaintiffs maintain that service of the Subpoena, dated June 3, 2022 and served via Fed Ex at both Mr. Lammle's Scottsdale, Arizona address and his Lincoln, Nebraska address, was proper.

Although the cases of *Wells Fargo Bank NA* and *Century International Arms Incorporated* involved a motion for leave to make alternative of service of subpoenas, it appears that the Courts in those cases do not impose a requirement that such a motion be filed by the party pursuing the subpoena nor does the language of Rule 45(b) require a motion for alternative service prior to service through a method other than personal service. The fact remains that Mr. Lammle had **actual notice** of the subpoena and failed to timely raise any objections to the same. Therefore, Mr. Lammle's objections are due to be deemed waived. Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."). *See also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").

**B. Guy Lammle Failed to Object to the Entry of the Court's Order or Otherwise Appear at the Telephonic Hearing on October 18, 2022.**

Despite Mr. Lammle's representation that he "did not actually receive the motion to compel or the notice of the October 18 hearing until October 19., Fed Ex confirmation of delivery reports show that Mr. Lammle received the following correspondence, pleadings, and notices of the Court from the Plaintiffs on the following dates:

- Request for Discovery Conference Due to Failure to Produce Documents Pursuant to Subpoena, served via U.S. Mail and Fed Ex on October 6, 2022 and received by Mr. Lammle at both his Scottsdale, Arizona address and Lincoln, Nebraska address on October 10, 2022. *See Exhibit B: Fed Ex Confirmation of Deliveries of Request for Discovery Conference Due to Failure to Produce Documents Pursuant to Subpoena and enclosures, delivered Oct. 10, 2022.*[1]

- Court's Notice of Hearing on Motion for Discovery Status Conference, served via U.S. Mail and Fed Ex on October 12, 2022 and received by Mr. Lammle at both his Scottsdale, Arizona address and Lincoln, Nebraska address on October 14, 2022. *See Exhibit C: Fed Ex Confirmation of Deliveries of Notice of Hearing on Motion for Discovery Status Conference and enclosures, delivered Oct. 14, 2022.*

- Court's Notice of Rescheduled Hearing on Motion for Discovery Status Conference, served via U.S. Mail and Fed Ex on October 14, 2022 and received by Mr. Lammle

---

[1] The Plaintiffs refiled the Request for Discovery Conference on the docket for the Adversary Proceeding on October 7, 2022, which Mr. Lammle received at his Lincoln, Nebraska address on October 10, 2022 and at this Scottsdale, Arizona address on October 11, 2022. The Plaintiffs originally filed the Request for Discovery Conference, dated October 6, 2022, in the Main Bankruptcy Case and refiled in the Adversary Proceeding on October 7, 2022.

at both his Scottsdale, Arizona address and Lincoln, Nebraska address on October 17, 2022. *See Exhibit D: Fed Ex Confirmation of Deliveries of Notice of Rescheduled Hearing on Motion for Discovery Status Conference and enclosures, delivered Oct. 17, 2022.*[2]

- Court's Order Compelling Non-Party Guy Lammle to Produce Documents Pursuant to Subpoena and to Appear for Deposition, served via U.S. Mail and Fed Ex on October 19, 2022 and received by Mr. Lammle at his Lincoln, Nebraska address on October 20, 2022 and at his Scottsdale, Arizona address on October 21, 2022. *See Exhibit E: Fed Ex Confirmation of Deliveries of Court's Order Compelling Non-Party Guy Lammle to Produce Documents Pursuant to Subpoena and to Appear for Deposition and enclosures, delivered Oct. 20 and 21, 2022.*

For Mr. Lammle to suggest that he did not receive notice of the Plaintiff's Motion for the Discovery Conference or Notice of the October 18, 2022 Hearing until October 19, 2022 is ingenuine. Mr. Lammle had ample notice of the opportunity to object to the Plaintiffs' subpoena as late as the hearing date of October 18, 2022. However, Mr. Lammle failed to raise any objections to the subpoena during the four and a half months since the original service date of June 3, 2022, and he failed to raise any objections until after his failure to participate in the October 18, 2022 and after this Court's entry of an Order compelling his production of discovery and appearance at a deposition. Therefore, his objections in his November 1, 2022 Motion should be deemed waived and denied.

---

[2] Plaintiffs note that the Notice of Rescheduled Hearing did not change the date of the hearing but only the time by 30 minutes.

Although Mr. Lammle has waived his objections, the information and documents sought from Mr. Lammle by the Plaintiffs are discoverable information and documents under Federal Rule of Civil Procedure ("Rule") 26(b) as the information and documents are relevant to the Plaintiffs' claims and proportional to the needs of the Plaintiffs' case. It is undisputed that transfers between the Debtor and his wife of property of the Debtor to the Daina Lammle Trust (the "Trust") is one of the bases of the Plaintiffs' claims against the Debtor for nondischargeability and denial of discharge. *See generally Pl.s' Compl. and First Am. Compl.* The requests in the Plaintiffs' Subpoena seek information and documents related to the same, including but not limited to information related to the transfer of the 4403 E. Morning Vista Lane property from the Debtor and his wife to the Trust, other transfers of property between the Debtor and the Trust, and communications related to transfers of property between the Debtor and his wife and the Trust. Such information is discoverable, and the Plaintiffs are entitled to such information.[3]

Further evidence of Mr. Lammle's actual notice of this discovery dispute, as well as the mutual intent of the Plaintiffs, the Debtor, and the Chapter 7 Trustee to attempt to reach a global resolution of all pending claims and adversary proceeding through a mediation with Mr. Lammle participating, is correspondence between Plaintiffs' counsel and Debtor's counsel, Mr. Warren Stapleton. On October 6, 2022, Mr. Stapleton conveyed information from the Debtor regarding Mr. Lammle's unavailability to mediate on October 13, 2022 but

---

[3] Plaintiffs note that on the date of this Response, counsel for Mr. Lammle, via email letter correspondence, provided the Plaintiffs with documents that Mr. Lammle purports to be responsive the Plaintiffs' Subpoena while also raising objections. Plaintiffs maintain that Mr. Lammle has waived any objections to the Subpoena and has been ordered by the Court to produce responsive documents. Plaintiffs will continue to work with Mr. Lammle on a potential date for his in-person deposition, as also discussed in the letter dated November 3, 2022.

that Mr. Lammle was potentially available on a nearby date. *See Exhibit F: Email Correspondence between Debtor's Counsel, Chapter 7 Trustee's Counsel, and Plaintiffs' Counsel.*

### C. Plaintiffs Remain Willing to Confer in Good Faith with Mr. Lammle to Determine Mutually Agreeable Dates for the Production of Documents and an In-Person Deposition.

Any suggestion by Mr. Lammle that the Plaintiffs have been unwilling to negotiate mutually agreeable dates for production of documents and an in-person deposition. Plaintiffs' counsel provided counsel for Mr. Lammle with an extension of the deadline for production of documents through Monday, October 31, 2022, ***which was at the request of counsel for Mr. Lammle.*** Email correspondence between Mr. Lammle's counsel and Plaintiffs' counsel shows that Plaintiffs' counsel was attempting to confer with Mr. Lammle's on potential dates for an in-person deposition of Mr. Lammle and in-person mediation, based on counsel for the Chapter 7 Trustee's availability, when counsel for Mr. Lammle responded that he was filing this Motion. *See Exhibit G: Email Correspondence between counsel for the Plaintiff and counsel for Mr. Lammle.* Furthermore, counsel for the Plaintiffs invited counsel for Mr. Lammle to submit to Plaintiffs' counsel a draft of a proposed consent order with extensions of dates. *See Exhibits B & C to Mr. Lammle's Motion.*

Mr. Lammle's actions have resulted in further litigation over this apparent discovery dispute, which Mr. Lammle caused by his blatant disregard of the Subject Subpoena and his blatant disregard of both the Court's Notice of the Discovery Conference and the Court's

Order compelling discovery from Mr. Lammle.

On November 1, 2022, the Plaintiffs filed and served a Notice of Deposition and Subpoena for production of documents on November 7, 2022, which is the date requested by Mr. Lammle in hi Motion, and for the deposition of Guy Lammle on November 10, 2022. The Plaintiffs filed and served the Subpoena on November 1, 2022 out of an abundance of caution and to comply with this Court's Order. However, the Plaintiffs remain willing to negotiate extensions of such dates.

**WHEREFORE**, Plaintiffs respectfully request that the Court deny Non-Party Guy Lammle's requests to set aside the Order and that the Court deny his request to impose sanctions. Plaintiffs further request a telephonic discovery conference with Chambers to discuss the extension of the dates set in the Court's Order, or in the alternative an order setting a hearing on this apparent discovery dispute on an expedited basis, and an order compelling Mr. Lammle to produce the documents requested pursuant to their Subpoena. The Plaintiffs also request that this Court grant Plaintiffs such other and further relief as this Court deems just and proper, including but not limited to sanctions against Mr. Lammle in the form of attorney's fees and costs associated with Mr. Lammle's failure to respond to the Subpoena.

Respectfully submitted this 3rd day of November, 2022.

*[Signature Page to Follow]*

| | |
|---|---|
| 1 | By: */s/ Alex B. Kaufman* |
| 2 | ALEX B. KAUFMAN |
| | NICHOLAS J. GARCIA |
| 3 | Hall Booth Smith, P.C. |
| | 2710 Old Milton Parkway, Suite 200 |
| 4 | Alpharetta, Georgia 30009 |
| 5 | Telephone: 404-586-6629 |
| | Facsimile: 404-954-5020 |
| 6 | Email: akaufman@hallboothsmith.com |
| 7 | ngarcia@hallboothsmith.com |

# UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Westley G. Anderson,<br><br>    Debtor. | Case No.: 2:21-bk-04249-EPB |
| DPG Investments, LLC and DPG Golden Eagle, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>Westley G. Anderson,<br><br>    Debtor/Defendant. | Adversary No. 2:21-ap-00213-EPB<br><br>RESPONSE IN OPPOSITION TO NON-PARTY GUY LAMMLE'S MOTION TO SET ASIDE ORDER DIRECTING PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA AND TO APPEAR FOR DEPOSITION |

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2022, I electronically transmitted the attached document and caused the same to be served by the Court's electronic delivery/service system and U.S. Mail at the addresses below:

| | |
|---|---|
| Warren J. Stapleton<br>Osborn Maledon<br>2929 N. Central Avenue, Suite 2100<br>Phoenix, AZ 85012 | Patrick A. Clisham<br>Bradley D. Pack<br>Engelman Berger, P.C.<br>2800 North Central Avenue, Suite 1200<br>Phoenix, Arizona 85004 |
| Dawn M. Maguire<br>Guttilla Murphy Anderson, P.C.
5415 East High Street, Suite 200<br>Phoenix, AZ 85054 | |

By: *s/ Alex B. Kaufman*